FILED

JUL 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KERIMA LEWIS,

              Plaintiff - Appellant,

   v.

CITY OF BERKELEY,

              Defendant - Appellee.

No. 09-16126

D.C. No. 4:08-cv-05089-WDB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Wayne D. Brazil, Magistrate Judge, Presiding

Argued and Submitted April 16, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District
Judge.[**]

     Plaintiff-Appellant Kerima Lewis appeals the district court's dismissal of her

complaint alleging violations of the Equal Protection Clause of the Fourteenth

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

Amendment and its counterpart in the California Constitution, *see* Cal. Const. art. I, § 7. Lewis argues the district court should not have dismissed her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The district court properly determined that Lewis's complaint lacked sufficient factual allegations to state a claim for a violation of equal protection. The allegations of discriminatory animus in Lewis's complaint are all legal conclusions couched as factual allegations that the district court was not bound to accept as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The court properly took judicial notice of public records to establish that the City amended its zoning ordinance in 1998, revoked the U-Haul facility's use permit in 2007, and stated legitimate, race-neutral reasons for doing so. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). The court did not violate Federal Rule of Evidence 802. The City did not offer the resolution to prove the truth of the statements it contained concerning complaints that had been made against the U-Haul facility. The City offered the resolution only to show that it had stated legitimate reasons for revoking the U-Haul facility's use permit. *See Las Vegas Nightlife, Inc. v. Clark County*, 38 F.3d 1100, 1102 (9th Cir. 1994).

**AFFIRMED.**